UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SARA CARLIN<br>    Plaintiff, | § § § § § § § § § § § § § | |
| v. | | CIVIL ACTION NO. \_\_\_\_ |
| TAKE 5, LLC. | | |
|     Defendant. | | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Sara Carlin complains of Defendant Take 5, LLC, and would respectfully show this Honorable Court as follows:

### I. Parties

1. Plaintiff Sara Carlin (hereinafter "Plaintiff") is a resident of Texas.

2. Defendant Take 5, LLC, ("Defendant") is a North Carolina corporation with its principal offices located in 440 S. Church Street, Suite 700, Charlotte, NC, 28202. At all times material hereto, Defendant was authorized to do business in the state of Texas and actively engages in business in Texas.

3. Defendant may be served with process and a copy of Plaintiff's Original Complaint through its agent for service of process: CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

### II. Jurisdiction & Venue

4. The district court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive

of interest and costs. Plaintiff is a citizen of Texas. Defendant is a corporation incorporated under the laws of North Carolina and is authorized and doing business throughout the state of Texas.

5. Venue is properly before this Court under 28 USC § 1391(a) (2), because a substantial part of the events giving rise to this claim occurred in this judicial district, Harris County, Texas.

### III. Facts and General Allegations

6. On May 5, 2021, Plaintiff brought her vehicle to Defendant's business for an oil change. Plaintiff was driving a 2010 Cadillac CTS, License Plate NVF 0005. It was at the end of the business day, however, Defendant welcomed Plaintiff in to conduct business. Plaintiff paid Defendant for a full-service oil change. Plaintiff remained on the premises until she was informed that service was complete. Plaintiff paid in full and left the premises.

7. Once Plaintiff left Defendant's premises and as she was driving, the vehicle broke down. Defendant was immediately informed of the engine failure. In response, Defendant sent a representative out to the vehicle and ascertained there was no oil in the engine. The representative put several quarts of oil into the engine to no avail.

8. Upon closer inspection of the engine, Defendant failed to perform the full-service oil change in a professional manner. It failed to put oil in the vehicle. Defendant took payment for its lack of services and sent Plaintiff down the road. It did so without replacing the oil it had removed from the vehicle.

9. Due to Defendant's conduct, the vehicle ran without oil for several miles before failing.

10. Due to Defendant's conduct, Plaintiff's engine failed and was damaged.

## IV. FIRST CAUSE OF ACTION
### (Negligence)

11. Defendant owed Plaintiff a duty of ordinary care in the performance of a full-service oil change and selling of its services in question.

12. Defendant breached its duties in one or more of at least the following ways:

   a. negligently performing its services;
   b. failing to properly inspect its work;

   c. failing to adequately monitor its employees to ensure satisfactory and prudent work had been performed before releasing the vehicle back to Plaintiff to be used and operated on public streets and highways;

   d. failing to apply their own policies and procedures to ensure the quality and satisfactory work under business industry standards;

   e. failing to adopt and/or follow appropriate services practices;

   f. failing to take reasonable measures to prevent the engine failure;

   g. failing to properly train and supervise their employees and agents;

13. Defendant's conduct was a direct, proximate, and producing cause of Plaintiff's injuries and damages set forth below.

14. All injuries and damages were reasonably foreseeable and/or discoverable by Defendant at the time Defendant provided service to Plaintiff.

## V. SECOND CAUSE OF ACTION
### (Implied Warranty of Merchantability)

15. Defendant is liable to Plaintiff for breach of the implied warranty of merchantability. TEX. BUS. & COM. CODE § 2.314.

16. Plaintiff is a consumer as defined by the statute.

17. Defendant is a merchant who performed services on Plaintiff's vehicle. Defendant is a merchant as defined by the statute.

18. Because Defendant is a merchant, its services at issue was sold with an

3

implied warranty of merchantability created under § 2.314 of the Texas Business and Commerce Code.

19. Defendant breached the implied warranty of merchantability because Defendant provided services that was not fit for its ordinary purpose and lacked something necessary to be adequate. Specifically, the service failed to meet the required standard to be a full-service oil change.

20. Defendant did not disclaim the implied warranty of merchantability.

21. Defendant's breach of warranty was a proximate and producing cause of Plaintiffs' injuries and damages.

22. Plaintiff suffered injuries and damages as a result of Defendant's breach of warranty.

## VI. THIRD CAUSE OF ACTION
### (Implied Warranty of Fitness for Particular Purpose)

23. Defendant is liable to Plaintiff for breach of the implied warranty of fitness for particular purpose. TEX. BUS. & COM. CODE § 2.315.

24. Plaintiff is a consumer.

25. Defendant is a merchant who provided services.

26. Defendant provided services that fail to meet the standards of a full-service oil change and was the direct cause of Plaintiff's engine failure.

27. Plaintiff relied on Defendant's skill and judgment when representing its services at issue was fit for the purpose it was being sold.

28. Defendant breached the implied warranty of fitness for particular purpose because Defendant manufactured and sold services that was not fit for the purpose it was sold, i.e., Defendant failed to replace oil it removed from Plaintiff's vehicle causing its

failure.

29. Defendant did not disclaim this warranty.

30. Defendant's breach of warranty was a proximate and producing cause of Plaintiff's injuries and damages.

31. Plaintiff suffered damages as a result of Defendant's breach of warranty.

## VII.   FOURTH CAUSE OF ACTION
### (Deceptive Trade Practices Act ("DTPA"))

32. Defendant also violated the Texas Deceptive Trade Practices Act ("DTPA").

33. Plaintiff is a consumer as defined by the DTPA.

34. Defendant is a merchant as defined by the DTPA.

35. Section 17.50 (a)(2) of the Texas Business and Commerce Code provides that a plaintiff may pursue a DTPA cause of action for breach of an implied warranty. Although the DTPA does not create any warranties, warranties recognized under Texas law are actionable under the DTPA.

36. Defendant violated the DTPA by breaching the implied warranties of merchantability and fitness for particular purpose.

37. Defendant did not disclaim either warranty.

38. Defendant's breach was a proximate and producing cause for Plaintiff's damages.

39. Plaintiff suffered damages a result of Defendant's DTPA violations.

40. Defendant also violated the DTPA by misleading Plaintiff, a consumer, by representing that work or services have been performed on, or parts replaced in the vehicle, when the work or services were not performed or the parts replaced.

41. Plaintiff suffered damages a result of Defendant's DTPA violations.

## VIII.  Damages

42. As a result of the acts and omissions outlined above, Plaintiff has suffered, and will continue to suffer in the future, damages within the jurisdictional limits of this Court.

43. Plaintiff seeks damages for past and future: pain and suffering, mental anguish, lost earnings, pre-judgment and post-judgment interest, and costs of court.

44. For Plaintiff's warranty and DTPA claims, Plaintiff seeks damages for past and future: lost earnings, property damage, mental anguish, attorneys' fees, pre-judgment and post-judgment interest, and costs of court.

## IX.  Gross Negligence and Exemplary Damages

45. Defendant's conduct as described above constituted acts and/or omissions which, when viewed objectively from their standpoint at the time of the occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. Accordingly, Defendant's actions constitute gross negligence and Plaintiff seeks an award of exemplarydamages.

## X.  Treble Damages

46. Defendant knowingly and intentionally breached the implied warranties of merchantability and fitness for particular purpose and thus violated the DTPA. Plaintiff is therefore entitled to treble economic damages and mental anguish damages under the DTPA.

## XI.  Conditions Precedent

47. More than 60 days has elapsed since the notice requirement of the DTPA was served on Defendant. The claims remain outstanding.

## XII.  Attorney's Fees

48. Because Defendant violated the DTPA, Plaintiff is entitled to recover and hereby seeks attorney's fees pursuant to § 17.50(c) of the Texas Business and Commerce Code.

## XIII.  Jury Demand

49. Plaintiff hereby request a trial by jury and tender the applicable fee.

## XIV.  Prayer

50. Wherefore, Plaintiff prays that Defendant be cited to appear and answer and that upon trial of this matter, Plaintiff be awarded the following:

   a. Past and future actual damages;
   b. Past and future economic damages;
   c. Exemplary damages;
   d. Treble damages under the DTPA;
   e. Attorney's fees;
   f. Court costs;
   g. Pre-judgment interest at the highest rate allowed by law;
   h. Post-judgment interest at the highest rate allowed by law; and
   i. All other relief to which Plaintiff is entitled.

Respectfully submitted,

**Thomson Dunkel Law, PLLC**

By: /s/ *Charles P. Dunkel, Jr.*
Charles P. Dunkel, Jr.
State Bar No. 24034427
Ashley N. Joyner
State Bar No. 24097908
2600 South Shore Blvd, STE 300
League City, TX  77573
Telephone: 281.738.3448
Email: *cdunkel@tdunklaw.com*
Email: *athomson@tdunklaw.com*
**ATTORNEYS FOR PLAINTIFF**